UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
_____

| | |
|---|---|
| SUZETTE ANTHONY | **COMPLAINT** |
| Plaintiff, | Civil Action No.: _____ |
| -against- | Date Filed: _____ |
| BRIAN WALSH, AND BONNIE WALSH | **JURY TRIAL DEMANDED** |
| Defendants. | |

_____

Plaintiff, Suzette Anthony, by and through her attorneys, Girvin & Ferlazzo, P.C., as and for her Complaint against Defendants Brian Walsh and Bonnie Walsh alleges as follows:

## PARTIES

1. Plaintiff Suzette Anthony ("Plaintiff"), a natural person, is a resident of the State of New York.

2. Upon information and belief, at all times relevant to the instant Complaint, Defendant Brian Walsh, a natural person, was and remains a resident of the Commonwealth of Massachusetts.

3. Upon information and belief, at all times relevant to the instant Complaint, Defendant Bonnie Walsh, a natural person, was and remains a resident of the Commonwealth of Massachusetts.

4. Upon information and belief, at all times relevant to the instant Complaint, a yellow lab, which was owned and subsequently kept unrestrained by Defendants Brian Walsh and Bonnie Walsh remained in the Commonwealth of Massachusetts.

## JURISDICTION

5. This Court has jurisdiction over this action under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, and Plaintiff Suzette Anthony is a resident of the State of New York and Defendants Brian Walsh and Bonnie Walsh are residents of the Commonwealth of Massachusetts.

6. Venue is proper under 28 U.S.C. § 1391(b)(1) & (2), because Defendants Brian Walsh and Bonnie Walsh reside in the District of Massachusetts and because a substantial part of the events or omissions giving rise to the claim occurred within the District of Massachusetts.

## FACTS

7. On or about July 14, 2018 at or around 8:30 pm, Plaintiff Suzette Anthony, her husband Blair Anthony, and her son Brandon Fraser were returning to their property in the Town of Falmouth, in the County of Barnstable in the Commonwealth of Massachusetts.

8. Upon arriving home, Plaintiff observed a yellow lab, walking loose and unrestrained on her property.

9. Plaintiff's husband and son both entered the home, and Plaintiff outside, standing and facing away from the yellow lab.

10. The yellow lab then unexpectedly and without warning leapt up at Plaintiff and bit the left side of Plaintiff's face and lip.

11. At no point before the yellow lab attacked Plaintiff did Plaintiff otherwise tease, torment, or abuse the yellow lab.

12. Upon information and belief, the yellow lab was owned and kept by Defendants Brian Walsh and Bonnie Walsh in the Commonwealth of Massachusetts.

13. Upon information and belief, Defendants Brian and Bonnie Walsh allowed the yellow lab to freely roam, unrestrained, from their property.

14. Upon information and belief, the yellow lab had bitten at least one other person prior to the attack on Plaintiff.

15. Upon information and belief, Defendants Brian and Bonnie Walsh were aware of the previous bite or bites and were further aware that the yellow lab suffered from a brain tumor causing it to act in an aggressive manner.

16. Upon information and belief, due to the bite suffered by Plaintiff the yellow lab was euthanized by or at the direction of either Defendant Brian Walsh or Defendant Bonnie Walsh.

17. As a direct and proximate result of the injuries from the dog bite, Plaintiff Suzette Anthony was taken to Falmouth Hospital in the town of Falmouth, County of Barnstable, in the Commonwealth of Massachusetts.

18. At Falmouth Hospital, Plaintiff Suzette Anthony was stabilized and treated for her wounds from the dog bite.

19. On or about July 14, 2018, Plaintiff received her first round of rabies vaccinations at Falmouth Hospital.

20. Plaintiff would need to return to Falmouth Hospital on or about the dates of July 17, 2018, July 21, 2018, and July 28, 2018 for additional rabies shots.

21. Due to the severity of her injuries, following initial stabilization and treatment at Falmouth Hospital, Plaintiff was transported by ambulance at or around 1:00 am on or about July 14, 2018 to Brigham Women's Hospital in the City of Boston, County of Suffolk, Commonwealth of Massachusetts.

22. Plaintiff has continuing follow up visits at Brigham Women's Hospital along with other various doctors and specialists due to the severity of her injuries.

23. Due to the surgery and medical attention required, Plaintiff Suzette Anthony

suffered substantial personal and economic injuries.

24. As a direct and proximate result of Defendants Brian and Bonnie Walsh's failure to restrain and otherwise supervise their dog Plaintiff has suffered several injuries including but not limited to continuous and significant pain and numbness in the left side of her face and upper lip, development of thrush, development of continuous Burning Mouth Syndrome, loss of the ability to taste, further corrective surgeries, the inability to sleep, light headedness, mental anguish, increased anxiety, dizziness and headaches, continuous biting of the inside of the left cheek, the inability to smile, the inability to drink from a cup or straw, substantial loss of weight, loss of concentration, loss of enjoyment, and the loss of profits that would have otherwise been realized from Plaintiff's business.

25. As a direct and proximate result of Defendants Brian and Bonnie Walsh's failure to restrain and otherwise supervise their dog, Plaintiff Suzette Anthony also suffers from permanent disfigurement connected to the scar required to repair the area where the bite occurred.

26. Upon information and belief, Defendants Brian and Bonnie Walsh knew or should have known, that the injuries suffered by Plaintiff were reasonably foreseeable injuries that could result from the dog bite that occurred July 14, 2018.

### AS AND FOR A FIRST CAUSE OF ACTION
*Strict Liability against Defendant Walsh
for Injury Caused to Plaintiff*

27. Plaintiff realleges each and every allegation set forth above with the same force and effect as if fully stated herein.

28. M.G. L. ch.140 § 155 provides that the owner or keeper of any dog shall be liable for such damage caused either to the body or property of any person regardless of whether there was any former viciousness of the dog or the owner had any such knowledge of former viciousness,

3

unless the person who suffered the bite was antagonizing or provoking the dog to attack or trespassing.

29. On July 14, 2018, Plaintiff Suzette Anthony was on her own property when the dog walked free and unrestrained onto her property.

30. Plaintiff Suzette Anthony did not antagonize nor provoke the dog to attack her.

31. Defendants Brian Walsh and Bonnie Walsh, as both the owners and keepers of the yellow lab allowed their dog to walk, unsupervised and unsecured off of their property.

32. At all times relevant herein, Defendants Brian Walsh and Bonnie Walsh, as both owners and keepers of the dog were aware that the dog had caused injury to another yet took no steps in securing or otherwise restraining their dog on the date of the incident.

33. Defendants Brian Walsh and Bonnie Walsh, as both owners and keepers of the dog, failed to comply with said statutory requirements of the statute in keeping their dog from biting another, resulting in the injuries suffered by Plaintiff Suzette Anthony.

34. As a direct and proximate result of Defendants Brian and Bonnie Walsh's acts and omissions, Plaintiff Suzette Anthony is entitled to damages for 1) conscious pain and suffering in the past and in the future; 2) mental anguish in the past and in the future; 3) medical expenses incurred in the past and those medical expenses that will be incurred in the future; 4) damages for past and future enjoyment of life; 5) damages for lost income proximately and directly caused by Defendants Brian Walsh's and Bonnie Walsh's acts or omissions; and, 6) damages for permanent physical injuries and disfigurement, along with any other damages the trier of fact finds just and equitable under the circumstances.

35. The injuries and damages sustained by Plaintiff were the direct and proximate result of the acts and omissions of Defendants Brian Walsh, and occurred without any act or omission

of the acts and omissions of Defendants Brian Walsh, and occurred without any act or omission the part of Plaintiff Suzette Anthony directly contributing thereto.

WHEREFORE, Plaintiff demands judgment in her favor, against Defendants Brian and Bonnie Walsh, together with costs and such other relief as may be just and equitable under the circumstances.

**<u>JURY TRIAL HEREBY DEMANDED</u>**

By: _____
Harold P. Naughton, Esq.
Board of Bar Overseers: 559615
200 High Street, Post Office Box 128
Clinton, Massachusetts 01510
(978) 852-3643